E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2426
     Facsimile: (213) 894-0142
     E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cv-7443 |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | 21 U.S.C. § 881(a)(6) |
| $200,000.00 IN U.S. CURRENCY, | [D.E.A.] |
| Defendant. | |

Plaintiff United States of America brings this claim against the below-identified defendant, and alleges as follows:

**JURISDICTION AND VENUE**

1. The government brings this in rem forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter under 28 U.S.C. § 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4. The plaintiff in this action is the United States of America (the "plaintiff").

5. The defendant (the "Defendant Currency") is $200,000.00 in U.S. Currency seized on October 8, 2021 during a vehicle search at a shopping center located at 8320 Lincoln Boulevard, Los Angeles, California (the "Shopping Center"), of a 2018 Honda Accord bearing California License Plate No. 8DZB844, occupied by Eduardo Castro Gallardo ("Gallardo") and Jesus Eduardo Gallardo Montoya ("Montoya"), and registered to Gonzalez Benjamin ("Benjamin").

6. The Defendant Currency is presently in the custody of the United States Marshals Service ("USMS") within this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Gallardo, Montoya, Benjamin, Jasmol Singh ("Singh"), and Umit Bagga ("Bagga"), may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

8. In or about September of 2021 members of Drug Enforcement Administration's ("DEA") Riverside Task Force Group-2 ("TFG-2") were conducting an ongoing wiretap investigation into the operations of a drug trafficking organization (the "DTO") operating in the Southern California region.

9. During TFG-2's wiretap investigation, TFG-2 agents identified TRAFFICKER 1 as a multi-kilogram cocaine trafficker who transported and distributed illicit narcotics and narcotics proceeds on behalf of the DTO. TFG-2 agents ultimately seized at least 33

kilograms of cocaine, as well as methamphetamine, heroin, and a large amount of U.S. currency, from TRAFFICKER 1's DTO during the course of this investigation.

10. In or about September of 2021, during TFG-2's ongoing investigation, TRAFFICKER 1 was intercepted on a phone call speaking with Singh.

11. During the intercepted phone call between TRAFFICKER 1 and Singh, TRAFFICKER 1 and Singh discussed the transfer of $80,000.00 in cash to be delivered to another member of the DTO. Specifically, Singh provided his location to TRAFFICKER 1, and they discussed a predetermined meeting and exchange of currency. In this conversation, Singh and TRAFFICKER 1 used coded language to refer to U.S. Currency.

12. During TFG-2's investigation into the DTO, TFG-2 agents observed that members of TRAFFICKER 1's DTO consistently used certain coded language when discussing illicit narcotics proceeds. This coded language included using the word "documents" to refer to thousands of dollars in U.S. Currency in drug proceeds. This same term was used during the September 2021 call between Singh and TRAFFICKER 1.

13. On or about October 8, 2021, Singh was intercepted again as part of TFG-2's investigation. In this call, Singh was contacted by an unknown male (the "UM") and directed to meet and receive "200." During this call, Singh and the UM also used the same coded language to discuss U.S. Currency as used by TRAFFICKER 1 during Singh's call with TRAFFICKER 1 approximately one month earlier.

14. TFG-2 agents then requested Fontana Police Department ("FPD") officers establish surveillance at a shopping center which was identified in Singh's call with the UM (the "Shopping Center").

15. On October 8, 2021, FPD Narcotics Unit officers set up surveillance at the Shopping Center as directed by TFG-2.

16. FPD Officers subsequently observed a male adult (subsequently identified as Gallardo) approach another male adult (subsequently identified as Singh) in front of the Shopping Center. Gallardo handed Singh a dollar bill, which Singh examined and then returned to Gallardo.

17. U.S. Currency serial numbers are often used as a verification process to deliver or receive narcotics or narcotics proceeds, as they cannot easily be forged or altered. If the subject does not have the correct bill serial number, then narcotics or narcotic proceeds will not be given to that person.

18. Gallardo then returned to a nearby parking lot located at or near 8320 Lincoln Boulevard. Officers contacted Gallardo as he approached a white Honda Accord with California license plate number 8DZB844 (the "Vehicle"). When Gallardo noticed the FPD officers approaching him, he attempted to quickly get into the Vehicle's driver-side door. Officers detained Gallardo and identified him based on a California Driver's License in his possession. FPD officers identified an additional person seated in the front passenger seat of the same vehicle as Montoya by his California identification card.

19. Gallardo gave verbal consent to a search of the Vehicle. FPD officers located and seized $200,000.00 in U.S. Currency (i.e., the Defendant Currency) packaged in rubber bands inside a plastic bag and concealed in a brown cardboard box behind the driver's seat of the Vehicle.

20. The Defendant Currency was found in a bag, without any bank

4

bands or markings, and was rubber-banded in a manner consistent with DTO narcotics proceeds.

21. Gallardo and Montoya each denied ownership of the Defendant Currency, and each signed a Disclaimer of Ownership and Waiver of Notice form. FPD Officers then seized the Defendant Currency.

22. While FPD officers were preparing paperwork, Gallardo stated that he had driven to Los Angeles from Indio because he had been asked to do someone a favor, but provided no additional information about the source of the U.S. Currency. When Officers advised Gallardo of his Miranda rights, Gallardo made no further statements.

23. Gallardo and Montoya were then arrested for violations of California Health and Safety Code section 11370.6, and released on scene pursuant to California Penal Code section 849(b).

24. Upon returning to FPD offices, FPD officers requested assistance of a K-9 officer to conduct a sniff of the Defendant Currency.

25. FPD Officer B. Terwilliger responded with K-9 officer Axl. Axl is certified in odor detection of Marijuana, Cocaine, Methamphetamine, Heroin, and Ecstasy. Axl participates in bi-weekly training for a total of 20 hours in both patrol and narcotics detection. Axl is certified in both patrol/narcotics detection annually and, along with Officer Terwilliger, was originally certified on 10/30/2019 after completing the "Narcotics Detection" course at Scenturion K9/AEP training facility. Axl is trained to passively alert upon the detection of the odor of narcotics.

26. Officer Terwilliger first conduced a sweep of the

5

1 surrounding area and observed no other visible sources of narcotics.
2 Officer Terwilliger then deployed Axl to the search area. Axl
3 approached the bag containing the Defendant Currency on the ground
4 and showed a change of behavior, namely, a head turn, followed by
5 rapid sniffing of the bag. At this point, Axl displayed his passive
6 alert to the odor of narcotics inside the bag by sitting down.

27. Seizing agency administrative forfeiture proceedings often precede the filing of a judicial forfeiture action. Bagga and Singh submitted a claim in the administrative forfeiture proceedings as to the Defendant Currency, contesting the seizing agency's administrative forfeiture of the funds, but that claim failed to disclose how, if at all, Bagga and or Singh had any interest in the Defendant Currency. As a result of Bagga and Singh's submission, the instant judicial forfeiture action is being filed requesting a Court judgment of forfeiture relative to the Defendant Currency.

**CLAIM FOR RELIEF**

28. Plaintiff incorporates the allegations of paragraphs 1-27 above as though fully set forth herein.

29. Based on the above, plaintiff alleges that the Defendant Currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841, et. seq. The Defendant Currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

//
//

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the Defendant Currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: October 12, 2022

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

　/s/　
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**VERIFICATION**

I, HEJA ROSEBIANI, hereby declare that:

1. I am a Special Agent for the Drug Enforcement Administration and the case agent for the forfeiture matter entitled United States of America v. $200,000.00 in U.S. Currency.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October __12__, 2022 at _____10:22_____, California.


                                          _____*Heja Rosebiani*_____
                                          HEJA ROSEBIANI
                                          Drug Enforcement Administration

8